UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
G.L.A.D. ENTERPRISES, LLC,

                              Appellant,

    - against -                                    **ORDER**

DEUTSCHE BANK NATIONAL TRUST          No. 23-CV-3985 (CS)
COMPANY, as INDENTURE TRUSTEE for
AMERICAN HOME MORTGAGE
INVESTMENT TRUST 2006-1,

                              Appellee.
---------------------------------------------------------------x

Seibel, J.

       Before the Court is Appellant's Motion for Stay Pending Appeal. (*See* ECF No. 5.) For the following reasons, the motion is DENIED.

## Background

       Appellant filed a Notice of Appeal on May 12, 2013 seeking review of an Order Denying Reconsideration issued by the Bankruptcy Court on April 7, 2023, (*see* ECF No. 1 at 1-2),[1] whereby the Bankruptcy Court denied reconsideration of its Order granting Appellee relief from the automatic stay, (*see id.* at 5-6). Approximately one week earlier, Appellant had filed a Motion for Stay Pending Appeal with the Bankruptcy Court, (*see* Bankr. S.D.N.Y. Case No. 22-35425, ECF No. 32), which was denied on June 6, 2023, (*see* Bankr. S.D.N.Y. Case No. 22-35425, ECF No. 38).[2] Appellant subsequently filed a Motion for Stay Pending Appeal with this

---

[1] For ease of reference, all citations to the parties' filings refer to page numbers set by either this Court's or the Bankruptcy Court's Electronic Case Filing ("ECF") systems.

[2] Familiarity with the underlying bankruptcy proceedings before Bankruptcy Judge Cecelia G. Morris is presumed. (*See* Bankr. S.D.N.Y. Case No. 22-35425.)

Court, (*see* ECF No. 5), "respectfully request[ing] the re-imposition of a Bankruptcy Stay by this Court pending appeal," (*id.* at 3).

## Discussion

In the Second Circuit, the standard governing the entry of a stay pending appeal is comprised of four factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility . . . of success on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir. 1993).[3] The moving party bears a heavy burden to show it is entitled the extraordinary relief of a stay. *In re Sabine Oil & Gas Corp.*, 551 B.R. 132, 142 (Bankr. S.D.N.Y. 2016). "While a number of lower courts within the Second Circuit have held that the failure of the movant to satisfy any of the four criteria compels denial of a motion for a stay pending appeal, other courts have approached the question as a balancing test." *In re CPJFK, LLC*, 496 B.R. 65, 68 (Bankr. E.D.N.Y. 2011) (collecting cases). In an abundance of caution, I will balance all four factors, taking into account the available record and the parties' arguments, even though Appellant does not address two of the four factors at issue – the second factor (whether a party will suffer substantial injury if a stay is issued) and the fourth factor (the public interests that may be affected). (*See generally* ECF No. 5.)

### A.   Irreparable Harm

"A showing of probable irreparable harm is the principal prerequisite for the issuance of a stay," *In re Klinger*, No. 01-CV-2311, 2002 WL 1204958, at *2 (D. Conn. May 9, 2002), and

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

"such harm must be neither remote nor speculative, but actual and imminent," *In re Sabine Oil & Gas Corp.*, 548 B.R. at 681.

"The fact that [a] property will be sold absent a stay does not automatically constitute irreparable harm" because in certain circumstances harm from the sale of a property "may be fully remedied by monetary damages . . . ." *In re Giambrone*, 600 B.R. 207, 213 (Bankr. E.D.N.Y. 2019). But where the property is a primary residence and the sale of that property "would have catastrophic financial and practical repercussions," including eviction, courts have found irreparable harm. *See In re Magnale Farms, LLC*, No. 17-61344, 2018 WL 1664849, at *5 (Bankr. N.D.N.Y. Apr. 3, 2018) (finding irreparable harm where the principal of debtor LLC would lose his residence if debtor lost the property at issue); *In re Melton*, No. 11-70984, 2011 WL 1600506, at *3 (Bankr. E.D.N.Y. Apr. 27, 2011) ("While, the record is not clear how long the Debtor has resided at the . . . Property, the Court concludes that eviction and a sale of the property . . . would cause irreparable harm to the Debtor because, absent a stay, the Debtor will be evicted within seventy-two hours from the date of service of the Notice to Vacate. This will force the Debtor to find alternate housing within a short period of time and creates a risk that [the creditor] will sell the . . . Property."); *In re Issa Corp.*, 142 B.R. 75, 78 (Bankr. S.D.N.Y. 1992) ("Indisputably, the debtor will suffer irreparable injury if the stay is denied, since if it is evicted it will lose its restaurant."); *cf. In re Giambrone*, 600 B.R. at 213 (no irreparable harm where property at issue was not debtor's primary residence and instead was "one of many investment properties").

Appellant alleges that the property at issue is the family home of its principal, where his children reside, including a child with special needs,[4] and that the sale of the property would lead to the loss of the home.  (*See* ECF. No. 5 at 2-3.)  Appellee acknowledges that Appellant's principal and his family have lived at the property since 2008, (*see* ECF No. 9 at 5), a significant length of time that favors a finding of irreparable harm, *see In re Slater*, 200 B.R. 491, 495 (E.D.N.Y. 1996) (finding irreparable harm where debtor "has resided on the property for twenty years" and "[i]f she is evicted and the premises are resold . . . she will have little if any hope of recovering the property").[5]

But there is no indication that eviction is imminent.  Appellant has provided evidence only that the state court in Connecticut where Appellee's foreclosure case is pending has scheduled a status conference.  (ECF No. 5 at 7.)  Although Appellant expects that the state court will schedule discovery and a trial date, (*id.* at 1), if Appellant is right that shows that the state case is far from judgment, let alone eviction.  Indeed, if Appellant's claims about the origin of the mortgage are meritorious, there may never be a judgment against it.  *See WNJ24K, LLC v. Civic Fin. Servs.*, No. 21-CV-322, 2021 WL 1313630, at *5 (D. Ariz. Mar. 25, 2021) (no "impending irreparable harm because there is no foreclosure sale date"); *In re Baker*, No. 17-CV-12870, 2017 WL 6015380, at *5 (E.D. Mich. Dec. 5, 2017) (harm not imminent when foreclosure sale "many months away").

Accordingly, this factor is at best neutral.

---

[4] No information about the child's needs is provided, and thus the Court has no way of knowing whether they are such that having to move to another residence would be particularly harmful.

[5] It is not clear if the rule is or should be the same where the debtor that owns the home is a corporation or an LLC, but I will assume for the sake of argument that it is.

4

B. **Substantial Injury to Other Parties**

"In addition to showing irreparable harm, the party seeking a stay must also establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted." *In re 473 W. End Realty Corp.*, 507 B.R. 496, 507 (Bankr. S.D.N.Y. 2014). "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." *In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 349 (Bankr. S.D.N.Y. 2007), *stay vacated by* No. 07-0279, 2007 WL 7706743 (2d Cir. Feb. 9, 2007).

Courts in this circuit routinely hold that issuing a stay and delaying a foreclosure may constitute substantial financial harm to creditors. *See Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y. 1995) (creditor would be "harm[ed] . . . from continued delay of the foreclosure sale"); *In re Melton*, 2011 WL 1600506, at *5 (creditor's "interest would be harmed by continued delay of its efforts to exercise its lawful rights and remedies against this [d]ebtor"); *In re Magnale Farms*, 2018 WL 1668489, at *5 ("further delaying [creditor's] impending foreclosure sale of the Property would impose further financial harm on [it] and adversely affect its interests.").

Appellant does not address this factor, (*see generally* ECF No. 5), but Appellee maintains that it has suffered, and will continue to suffer, substantial injury if a stay is issued because Appellant has continuously used the bankruptcy courts in Connecticut and New York to "delay and avoid any substantive ruling" on the current foreclosure action, while making no payments since 2008 on the loan it received from Appellee, such that the debt owed in connection with the loan has "increase[d] exponentially as a result of accrued interest, property tax payments and insurance costs," (ECF No. 9 at 6; *see id.* at 5). Appellee also alleges that it has incurred significant attorney's fees while attempting to enforce its state law rights in connection with the

5

loan and defend against Appellant's allegations in various bankruptcy cases and adversary proceedings.  (*See id.* at 6.)

The delay Appellee describes is sufficient to show that this prong weighs in Appellee's favor, particularly as Appellant presented no evidence to the contrary.  *See In re Magnale Farms*, 2018 WL 1664849, at *6 ("[I]t is evident that [creditor] will suffer substantial injury in the face of a stay pending appeal because Debtor's conduct has caused [creditor's] debt to increase exponentially, not only by means of accrued interest, real property tax payments, and forced place insurance costs, but also by requiring [creditor] to incur substantial and unnecessary additional expenses in this case and in the foreclosure action, including attorney's fees . . . , in order to enforce its lawful contractual rights.").

### C.  Substantial Possibility of Success on Appeal

"The proper standard governing the 'strength-of-the-case component' in determining whether to grant a motion for a stay pending appeal of a bankruptcy court order is a substantial possibility of success on the merits."  *Id.* at *5.  Debtor must therefore show that the Bankruptcy Court's Order Denying Reconsideration, (*see* ECF No. 1), is "erroneous, and thus, substantially likely to be reversed on appeal," *In re Magnale Farms*, 2018 WL 1664849, at *5.

Appellant primarily argues that its appeal is meritorious because Judge Morris issued her Order Denying Reconsideration in spite of the fact that she was unaware, at the time she lifted the stay, that Appellant had filed an adversary complaint alleging fraud on the part of an attorney involved in the closing of the loan.  (*See* ECF No. 5 at 1-2; Bankr. S.D.N.Y. Case No. 22-35425, ECF No. 15 at 11-13.)  Appellee responds that Appellant's argument as to success on the merits is conclusory and that Appellant does not explain why the allegations as to the Adversary

6

Complaint show that the Bankruptcy Court abused its discretion in issuing the Order Denying Reconsideration.  (*See* ECF No. 9 at 7-8.)

Appellee is correct.  Where a party appeals a bankruptcy court's denial of a motion for reconsideration, the bankruptcy court's decision is reviewed under an abuse of discretion standard.  *See In re Refco Inc.*, No. 07-CV-10708, 2009 WL 2355808, at *2 (S.D.N.Y. July 29, 2009).  In such circumstances,

> [r]elief from the district court is appropriate only when the bankruptcy court's decision either (i) rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (ii) though not necessarily the product of legal error or clearly erroneous factual finding, cannot be located within the range of permissible decisions.

*Id.*

Here, Appellant's motion simply declares that "[t]his appeal has merit" and proceeds to rehash the conclusory factual allegations rejected by Judge Morris, (*see* ECF No. 5 at 1-2; Bankr. S.D.N.Y. Case No. 22-35425, ECF No. 15 at 4-5 (Debtor's affirmation in support of motion for reconsideration arguing that the Bankruptcy Court may have been unaware of the Adversary Complaint at the time the stay was lifted)), absent any explanation as to why such allegations would allow the Court to conclude that Judge Morris's Order Denying Reconsideration "cannot be located within the range of permissible decisions," *Ferreira v. Stern*, No. 22-CV-2182, 2023 WL 2787631, at *6 (E.D.N.Y. Apr. 4, 2023).  Appellant not only fails to explain why the existence of the adversary proceeding makes Judge Morris's ruling an abuse of discretion, but it admits that Judge Morris stated at argument on the motion to reconsider that she was aware of the adversary proceeding at the time she lifted the stay.  (*See* ECF No. 5 at 2.)  She then reiterated that fact in her decision denying a stay pending appeal.  (*See* Bankr. S.D.N.Y. Case No. 22-35425, ECF No. 38 at 5-6 ("[T]his Court already considered that the Debtor filed that [adversary] complaint when the Court lifted the stay."); *id.* at 7 ("Debtor continues to allege that

7

this Court overlooked the same facts concerning the filing of the complaint and a snowstorm, which it has pointed to in its prior motions under Rule 59 and Rule 60.").)  Appellant's conclusory allegations are plainly insufficient to show a substantial likelihood of success on appeal.  *See In re Barry*, No. 08-47352, 2010 WL 411094, at *1 (Bankr. E.D.N.Y. Jan. 27, 2010) (rejecting stay application "contain[ing] conclusory allegations that [the *Hirschfield*] standards are satisfied").

Accordingly, the third factor weighs in favor of Appellee.

### D.     Public Interests

Finally, I must consider the public interests that may be affected.  In general, "[c]ourts recognize that the public interest disfavors stays because the public interest favors the expedient administration of the bankruptcy proceedings."  *In re LATAM Airlines Grp. S.A.*, No. 20-11254, 2022 WL 2657345, at *11 (Bankr. S.D.N.Y. July 8, 2022).  That is particularly so where a debtor has abused the bankruptcy process to "frustrate and delay . . . creditor[s] from exercising [their] legitimate rights."  *In re Melton*, 2011 WL 1600506, at *5; *see Green Point Bank*, 188 B.R. at 12.

Appellant's motion is silent as to the public interests that may be affected by its request for a stay.  (*See generally* ECF No. 5.)  Appellee, however, contends that Appellant has abused the bankruptcy process across five bankruptcy cases that were filed over a twelve-year period whenever meaningful events were scheduled to occur in foreclosure proceedings pending in state court, an abuse of process that is contrary to the public interest.  (*See* ECF No. 9 at 9.) Additionally, Appellee maintains that Appellant has not made mortgage payments for years and that Appellee has been unable to obtain any relief because of the various bankruptcy filings, adversary proceedings, and appeals filed by Appellant.  (*See id.*)  Such creditor harms –

undisputed by Appellant – are against the public interest. *See In re Taub*, No. 08-44210, 2010 WL 3911360, at *6 (Bankr. E.D.N.Y. Oct. 1, 2010) ("The interests of creditors are a significant determinant of the public interest in a bankruptcy case," particularly where a case has a "long and contentious history" that has limited creditors' ability to obtain relief).

Accordingly, the fourth factor weighs in favor of Appellee.

On balance, Appellant has fallen woefully short of the showing required for a stay pending appeal.

## Conclusion

For the foregoing reasons, Appellant's Motion for a Stay Pending Appeal, (*see* ECF No. 5), is DENIED. The Clerk of Court is directed to terminate the pending motion.

**SO ORDERED.**

Dated: August 10, 2023
       White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.